UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| PERCY BARRON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-00312-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| M. CASADA and J. KING, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

In December 2018, federal inmate Percy Barron filed a *pro se* motion for a temporary restraining order [R. 1], but did not file a complaint. He also filed a motion to proceed *in forma pauperis* [R. 2]. The Court subsequently denied Barron's fee motion, and ordered him to pay the $400.00 in filing and administrative fees and to file a complaint on a court-supplied form. The Court expressly cautioned Barron that this action would be dismissed for failure to prosecute if he failed to do so. [R. 6] The deadline to comply with the Court's Order has come and gone without response from Barron.

A federal court may dismiss a plaintiff's case for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962). *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal."). To determine whether to dismiss a case for failure to prosecute, a court should consider:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

1

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter v. City of Flint*, 723 F.3d 700, 703-04 (6th Cir. 2013).

With respect to the first and third factors, where a party does not comply with a court order in the face of a clear prior warning that the failure to do so would result in the dismissal of the case, a court may consider the party's conduct to be a strong indication of willful noncompliance. *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 314 (6th Cir. 2015); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). Here, Local Rule 5.2(a) requires a *pro se* civil rights complaint to be filed on a court-approved form, and Local Rule 5.2(b) makes plain that "when required to do so, a pro se litigant's failure to file his or her petition on a court-supplied form within thirty (30) days may be grounds for dismissal." In addition, Barron failed to comply with (or even respond to) the Court's Order directing him to pay the filing fee and to complete and file the Court's approved complaint form to proceed in this action, despite the Court's clear warning that his failure to do so would result in dismissal of his case. The BOP's online Inmate Locator database also indicates that Barron remains incarcerated at the same federal prison where he was at the time he filed this action, and the Court's Order directing a response was not returned as undeliverable by the Postal Service. The circumstances here indicate that Barron intentionally chose not to comply with the Court's Order with full knowledge that his failure to do so would result in dismissal of the case.

With respect to the second factor, at this early stage of the proceedings there is no chance that Barron's non-compliance has visited any meaningful prejudice upon the defendants. As for the fourth factor, where the plaintiff is incarcerated, has *de minimis* funds with which to pay a

monetary sanction, and has simply failed to respond in any way to the Court's Order, the Court is unaware of lesser sanctions that would be effective in eliciting compliance from the plaintiff. The Court will therefore dismiss Barron's case for failure to prosecute pursuant to Rule 41(b). *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005); *Palasty v. Hawk*, 15 F. App'x 197, 199-200 (6th Cir. 2001). The Court will, however, dismiss the plaintiff's case without – rather than with – prejudice.

Should Barron wish to reinstate this action, within twenty-eight (28) days he must do three things:

1. file a motion pursuant to Federal Rule of Civil Procedure 59(e) to vacate the order dismissing the case, providing a full and legally-sufficient explanation for his failure to comply with the requirements of the Court's February 1, 2019, Order;

2. pay the $400.00 in filing and administrative fees; and

3. complete and sign the form Civil Rights Complaint [EDKY Form 520] and mail it to the Court.

The Court will deny any such motion if it is filed more than twenty-eight days after the entry of this Order, see Fed. R. Civ. P. 6(b)(2), 59(e), or is not accompanied by both the required fees and the completed complaint form.

Finally, the Court will exercise its inherent authority (at least at this juncture) not to assess and collect the $400.00 filing and administrative fees. Although these fees are owed by Barron regardless of the dismissal of his case, *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002), the Court assumes that Barron has abandoned pursuit of the relief he sought in this case – an injunction compelling the Bureau of Prisons to provide him with a copy of a particular medical record – as improvidently sought in the proceeding. The Court will revisit this issue should Barron seek other or further relief in this case.

Accordingly, it is hereby **ORDERED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with an Order of the Court.

2. Barron's motion for a temporary restraining order [R. 1] is **DENIED AS MOOT.**

3. This matter is **STRICKEN** from the Court's docket.

This 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge